IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GILBERTO ZAMBRANO, d/b/a, TASKMASTERS, | |
| Plaintiff, | No. 19 CV 100 |
| v. | Jeffrey T. Gilbert<br>Magistrate Judge |
| SPARKPLUG CAPITAL, LLC, and RED DOT MANAGEMENT, LLC, | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Sparkplug Capital, LLC's Motion to Compel Discovery Responses and Document Production ("Motion") [ECF 75]. For the reasons discussed below, the Motion is granted in part and denied in part.

I.

This case involves the alleged breach of two contracts entered into between Plaintiff Giliberto Zambrano d/b/a Taskmasters ("Plaintiff") and Defendant SparkPlug Capital, LLC ("Defendant") in March 2015. Plaintiff agreed to provide maintenance and other services for Defendant's self-storage units located in a number of states around the country. Plaintiff alleges that Defendant wrongfully terminated the contracts and refused to allow it to continue to tender its performance under those contracts before the end of the contractual four-year term. Plaintiff seeks $10 million in damages or, alternatively, damages according to its proof. Defendant says Plaintiff breached the contracts in a multitude of ways and fraudulently induced Defendant to enter into them in the first place by representing that it could provide the contracted for services when it

1

could not do so. Defendant seeks a declaratory judgment that the contracts were modified and then terminated in 2016, and that they were void in their inception and therefore rescinded. Defendant also seeks monetary damages for Plaintiff's alleged breaches of the contracts. *See generally* Plaintiff's Amended Complaint [ECF 29]; Defendant's Counterclaim [ECF 41].

Defendant served interrogatories and requests for production of documents on Plaintiff in July 2019. Motion [ECF 75] at 2. Plaintiff did not respond to that written discovery until November 8, 2019, without seeking an extension of time either from Plaintiff or the Court. *Id.* Plaintiff produced some documents, then supplemented its document production, and promised further supplementation. Status Report [ECF 67]. The Court ordered Plaintiff to complete its supplementation of its responses to Defendant's written discovery by December 30, 2019. Order [ECF 68]. On January 15, 2020, Defendant filed a Report Regarding Pending Discovery Disputes [ECF 70] in which it complained of Plaintiff's still deficient discovery responses and Plaintiff's failure to meet and confer about them. On January 23, 2020, the Court ordered the parties to complete the meet and confer process pursuant to Local Rule 37.2 and said Defendant should file a motion to compel further responses if disputes remained. Order [ECF 72]. Defendant subsequently filed the Motion [ECF 75] that is the subject of this Order. Plaintiff failed to respond to the Motion in accordance with the briefing schedule set by the Court and it, therefore, is ripe for decision [ECF 77].

II.

Plaintiff waived any objections it may have had to Defendant's interrogatories and requests for production of documents by not responding to either discovery vehicle in a timely manner. Rule 33(b)(4) states expressly that objections to interrogatories are waived unless they are timely asserted, absent good cause. FED.R.CIV.P. 33(b)(4). Although Rule 34 does not contain the same

express waiver language contained in Rule 33, courts almost uniformly hold that both Federal Rules should be interpreted in the same manner with respect to the waiver of objections not timely made consistent with the Advisory Committee Notes. *Autotech Techs. Ltd. P'ship v. Automationdirect.Com, Inc.*, 236 F.R.D. 396, 398 n. 2 (N.D. Ill. 2006) (citations omitted); *see also Trustees of the Suburban v. Bolingbrook Redi-Mix Co.,* 2016 WL 1258849, at *2 (N.D. Ill. 2016) ("it is 'well-established' that the failure to respond and object within a timely manner 'waives a subsequent assertion of objections in the absence of good cause.'") (quoting *Buonauro v. City of Berwyn,* 2011 WL 116870, at *4 (N.D. Ill. 2011)). In addition, when Plaintiff finally responded – late – to Defendant's written discovery, it asserted boilerplate objections that courts have held are "tantamount to not making any objection at all." *Gevas v. Dunlop,* 2020 WL 814875, at *1 (N.D. Ill. 2020) (citing *BankDirect Capital Finance, LLC v. Capital Premium Financing, Inc.,* 2017 WL 5890923, at *2 (N.D. Ill. 2017) (numerous citations omitted)).

Moreover, by failing to file a response to Defendant's Motion in accordance with the briefing schedule set by the Court [ECF 72], Plaintiff also has waived any argument it may have made in opposition to Defendant's Motion. The Seventh Circuit repeatedly has held that when a party does not file a response to a motion, it does so at its peril, and the trial court has discretion to enter sanctions up to and including dismissal of a case for repeated failure to meet deadlines. *Keeton v. Morningstar, Inc.,* 667 F.3d 877, 884 (7th Cir. 2012) ("District courts have considerable discretion to manage their dockets and to require compliance with deadlines.") (citing *Gonzalez v. Ingersoll Milling Mach. Co.,* 133 F.3d 1025, 1030 (7th Cir. 1998)); *Patterson by Patterson v. Coca-Cola Bottling Co. Cairo-Sikeston,* 852 F.2d 280, 284 (7th Cir. 1988) (dismissal of plaintiff's case affirmed where plaintiff refused to respond to defendant's discovery requests and to a motion to compel); *see also Houston v. Westside Garden Plaza,* 2014 WL 6686512, at *1 (S.D. Ind. 2014)

("[A] party cannot decide for itself when it feels like pressing its action and when it feels like taking a break because trial judges have a responsibility to litigants to keep their court calendars as current as humanly possible.") (quoting *GCIU Employer Retirement Fund v. Chicago Tribune Co.,* 8 F.3d 1195, 1198-99 (7th Cir.1993)).

Accordingly, the Court grants Defendant's Motion in large part based upon this cited authority. The Court also reviewed carefully all of Defendant's interrogatories and requests for production and agrees with Defendant that, for the most part, the discovery it served on Plaintiff seeks relevant information that is proportional to the needs of this case consistent with Rule 26(b)(1) of the Federal Rules of Civil Procedure. Defendant's Motion, therefore, is granted not only because of Plaintiff's procedural defaults discussed above, but also on the merits. Nevertheless, the Court also finds that certain of Defendant's discovery requests are overbroad and seek information that is not proportional to the needs of this case considering the factors outlined in Rule 26(b)(1). Therefore, in accordance with Rules 26(b) and 26(c), the Court also denies Defendant's Motion in part as outlined in the following section of this Memorandum Opinion and Order.

III.

The Court's specific, tailored rulings as to Defendant's interrogatories and requests for production are as follows:

**Interrogatories**

Interrogatory 2: The Court agrees with Defendant that Plaintiff must provide two more pieces of basic information specified in Defendant's position statement in its Motion at page 5: (a) the location of the businesses disclosed, and (2) who owned the businesses.

Interrogatory 3: The Court disagrees with Defendant that Plaintiff must provide the country of citizenship and immigration status of the people who worked for Plaintiff during the relevant time period. That information is not relevant to a claim or defense or proportional to the needs of this case.

Relevance for this purpose is determined by the allegations in Defendant's Counterclaim. Defendant alleges, among other things, that Plaintiff permitted people who were working for it to live in Defendant's storage units. Defendant's Counterclaim [ECF 41] at ¶¶ 35-39. The contracts in question required Plaintiff to comply with all federal, state, and local laws, and also required Plaintiff to "keep the project free from . . . unsafe conditions." *Id.* at ¶ 15. Defendant alleges that Plaintiff's "unauthorized use of [Defendant's] facilities . . . is believed to have violated state and/or local laws [and] regulations" in breach of the contracts at issue. *Id.* at ¶ 35. Defendant also alleges that Plaintiff committed the tort of trespass by "permitt[ing] others to intrude on [Defendant's] real property." *Id.* at ¶ 56. Defendant does not allege, however, that the people whom Plaintiff allegedly allowed to live in its storage units were people without legal documentation permitting them to be in this country, or that they were citizens of a different country. Defendant also does not allege that Plaintiff violated the law by knowingly employing people who were not authorized to work in this country.

The Court is not willing to infer from the allegations Defendant does make in its Counterclaim what Defendant chose not to plead directly. The Court also is not willing to assume that the people living in Defendant's storage facilities, if in fact that occurred, were people who did not have legal documentation to live and work in this country which seems to be the predicate for Defendant's motion to compel a supplemental response to interrogatory 3. The discovery Defendant is seeking about the immigration and citizenship status of people who worked for

Plaintiff, therefore, is not relevant to a claim or defense in this case as it is currently pled. For this reason, Defendant's Motion is denied with respect to Interrogatory 3.

Interrogatory 4: The Court agrees that Plaintiff must provide the information specified in Defendant's position statement in its Motion at page 8 for the persons identified and the other temporary staffing agencies used by Plaintiff to secure workers to perform the contracts at issue.

Interrogatory 6: The Court agrees that Plaintiff's "investigation continues" response is not an adequate response to Interrogatory 6. Plaintiff must provide the information it now has about its damages and it can supplement its answer in the future to the extent it develops more information that is responsive to this interrogatory.

Interrogatory 12: The Court agrees that Plaintiff must answer the interrogatory if it can do so.

**Requests for Production of Documents**

Request for Production ("RFP") 2: The Court finds that Plaintiff must produce the requested federal and state income tax returns, schedules, and attachments but only going back to 2014, the year before Plaintiff entered into the subject contracts with Defendant, and then through the present. The Court does not see how Plaintiff's state and federal tax returns going back 10 years, which are what Defendant is requesting, are relevant to the claims or defenses in the case and proportional to the needs of the case. Therefore, Defendant's Motion is granted in this limited respect as to RFP 2.

RFP 4: The Court holds that Plaintiff must produce the requested account statements but, again, only going back to 2014, the year before Plaintiff entered into the subject contracts with Defendant, and then through the present for the same reasons as stated above with respect to RFP 2. Therefore, Defendant's Motion is granted in this limited respect as to RFP 4.

RFP 11: The Court agrees that Plaintiff's current credit report may contain discoverable information relevant to the claims or defenses in this case, so Plaintiff must produce it.

RFP 13: The Court agrees Plaintiff must produce all documents reflecting its efforts to mitigate its damages.

RFP 16: The Court agrees Plaintiff must produce documents reflecting its payroll for employees and contractors from 2014 to the present as Defendant has requested. In particular, Plaintiff must produce the documents identified in Defendant's position statement relating to this RFP at page 14 of its Motion.

RFP 17: This request for production is overbroad as drafted based on the allegations in Defendant's Counterclaim. Defendant alleges in its Counterclaim that Plaintiff's unauthorized use of Defendant's storage facilities – including by letting people live in the storage units – "is believed to have violated state and/or local laws [and] regulations." Defendant's Counterclaim [ECF 41] at ¶ 35. Defendant does not allege with any more specificity anywhere in its Counterclaim that Plaintiff violated any particular laws during the contract period. Presumably, Defendant is using the allegation in paragraph 35 of its Counterclaim as the basis for its request in RFP 17 for "all notices, complaints, lawsuits, orders, judgments, decisions, fines, or other documents reflecting allegations or conclusions that Plaintiff violated federal, state, or local laws from 2015 to the present." Motion [ECF 75], at 15.

In the Court's view, RFP 17 is overly broad as drafted and, as such, it is not proportional to the needs of this case as the claims and defenses currently are pled. Even if Defendant's allegation that it "believe[s]" Plaintiff violated state or local law or regulations by allowing people to live in Defendant's storage facilities could be deemed sufficient to permit discovery into whether Plaintiff was cited for those infractions, RFP 17 would be overbroad in asking essentially

7

for "all" documents reflecting *any* "allegations or conclusions that [Plaintiff] . . . violated any local, state, or federal law between 2015 and the present." Motion [ECF 75] at 15. For example, it would require Plaintiff to produce a notice that it conceivably may have received sometime between 2015 and the present that one of its trucks did not have a required vehicle sticker as required by state or local law or regulation. But that notice, if it exists, is completely irrelevant to whether Plaintiff was violating any law by letting people live and bathe in and around Defendant's storage facilities, which is what Defendant alleges it "believe[s]" violated the law here. Defendant's Counterclaim [ECF 41] at ¶ 35-39. RFP 17, therefore, is simply too broad to pass muster as the Counterclaim currently is pled. It is a total fishing expedition and, although some fishing is permissible during discovery, *BankDirect Capital Finance, LLC,* 2017 WL 5890923, at *4, Defendant has cast its line a bit too far with RFP 17 on the present record. Accordingly, Defendant's Motion is denied in this respect.

IV.

For all the reasons discussed above, Defendant Sparkplug Capital, LLC's Motion to Compel Discovery Responses and Document Production [ECF 75] is granted in part and denied in part. In light of Second Amended General Order 20-0012, the parties shall discuss a date by which Plaintiff will supplement its discovery responses in accordance with this Memorandum Opinion and Order and file a short stipulation reflecting their agreement to that date by May 4, 2020. If they cannot agree to a schedule that is acceptable to both parties, then they shall file a joint report by May 4, 2020, summarizing their attempt to reach agreement on an acceptable schedule and stating the point(s) of disagreement that the Court must resolve. If Plaintiff does not cooperate in preparing such a report, then Defendant is given leave to file a report of its own. For the avoidance of doubt, however, the Court wants only one report, not two. If the parties cannot

meet the schedule the Court has set because of the COVID-19 public emergency discussed in Second Amended General Order 20-2012, then the Court will extend that schedule upon the written request of one or both parties. Any motion for such an extension of time should be noticed for a date on or after May 4, 2020, which is the first date such a motion can be presented under the Second Amended General Order (at ¶ 3).

It is so ordered.

_____
Jeffrey T. Gilbert
United States Magistrate Judge

Dated: April 13, 2020