IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Gilberto Zambrano, d/b/a Taskmasters,<br><br>        Plaintiff,<br><br>v.<br><br>Sparkplug Capital, LLC, et al.,<br><br>        Defendants. | No. 19 C 100<br><br>Jeffrey T. Gilbert<br>United States Magistrate Judge |

**ORDER**

Plaintiff's Motion for Sanctions Pursuant to FRCP 11 and Section 1927 [130] is denied. See Statement below for further details.

**STATEMENT**

Plaintiff seeks sanctions because of alleged misrepresentations and errors in Defendants' counterclaims as pled. Plaintiff's Motion for Sanctions [130], at 2 ("Defendants manufactured Counterclaims based upon a series of fabrications. These lies are embodied in the Counterclaims and were clearly and objectively known to both Defendants and their counsel . . . at the time of the filing of the Amended Answer and Counterclaims."). Plaintiff filed a Safe Harbor Letter pursuant to Federal Rule of Civil Procedure 11 on September 29, 2020. Safe Harbor Letter [127]. Defendants filed a motion to voluntarily dismiss their counterclaims on October 19, 2020, within 21 days of Plaintiff filing his Safe Harbor Letter. Motion to Voluntarily Dismiss Counterclaims With Prejudice [128].[1] Two days after Defendants moved to voluntarily dismiss their counterclaims, Plaintiff nevertheless filed his Motion for Sanctions [130].

Federal Rule of Civil Procedure 11(c)(2) says a motion for sanctions "must not be filed or presented to the court if the challenged paper, claim, defense, contention, or denial is withdrawn . . . within 21 days after service [of a safe harbor letter]." Fed.R.Civ.P. 11(c)(2). Plaintiff violated that Rule when he filed his motion for sanctions two days after Defendants moved to voluntarily dismiss their counterclaims. *See Harding v. Consulting Services Group, L.P.*, 48 F.Supp.2d 765, 771 (N.D.Ill. 1999) (Bucklo, J.) ("The safe harbor provision of Rule 11 provides that the motion may not be filed with the court until at least 21 days after service of the motion on the offending party. Fed.R.Civ.P. 11(c). 'If during this period, the alleged violation is corrected, as by

---

[1] The assigned District Judge set a briefing schedule on Defendants' Motion to Voluntarily Dismiss Counterclaims With Prejudice [133] but Plaintiff never responded to that Motion in accordance with that schedule. Defendants' Motion [128] remains pending on the docket.

1

withdrawing (whether formally or informally) some allegation or contention, the motion should not be filed with the court.' Fed.R.Civ.P. 11 Advisory Committee Notes (1993 Amendments.").

That should end the matter. Plaintiff is not entitled to the relief he seeks in his Motion [130] as a matter of law. Fed.R.Civ.P. 11(c)(2).

Plaintiff's Motion would fare no better if the Court were to proceed to decide the Motion on its purported merits. As an initial matter, Plaintiff failed to file a reply brief in support of his Motion pursuant to the briefing schedule the Court set on that Motion [132]. He thus forfeited his right to do so under Local Rule 78.3 ("Failure to file a reply memorandum within the requisite time shall be deemed a waiver of the right to file."). One would think that Plaintiff would have responded to the arguments Defendants made in their Response [141] to his Motion for Sanctions [130] if he had anything more to say in support of his Motion – or, importantly, anything to say in response to what Defendants had said – that could be helpful to the Court in deciding his Motion given his rush to get that Motion on file. His failure to do so is telling.

In addition, Defendants' responses to Plaintiff's selective quotations from documents and deposition transcripts in their timely filed Response [141] shows that, for the most part, the factual misstatements or mistakes that Plaintiff says Defendants made in pleading their counterclaims are, in reality, basic factual disputes that the parties have had since the beginning of this case or go to matters about which the parties draw different inferences from the available facts. These factual disputes between the parties can be resolved, if necessary, at trial. They do not need to be resolved, nor should they be, in the context of a motion for sanctions.[2]

Sanctions under 18 U.S.C. § 1927 also are not warranted here. This is a basic breach of contract case. Both parties have taken discovery concerning their respective claims and defenses. There is no showing that what Plaintiff calls Defendants' "Whoppers" in his Motion for Sanctions [130] (*i.e.*, alleged factual misrepresentations or misstatements made in support of Defendants' counterclaims) materially increased the cost or time necessary for discovery in this case.

To the extent anyone has multiplied and extended the proceedings here beyond what was necessary, one could say that it is Plaintiff rather than Defendants who has done so. Exhibits 1 and 2 in support of that statement might be Plaintiff's Motion for Sanctions [130] filed in violation of Federal Rule of Civil Procedure 11(c)(2), which then required a lengthy response from Defendants and this Court's time and attention, and Plaintiff's failure to file a response to Defendants' Motion to Voluntarily Dismiss Counterclaims with Prejudice [128] in accordance with the briefing schedule set by the assigned District Judge [132] after Plaintiff refused to agree to a proposed stipulation to dismiss. *See* Defendants' Motion [128] at 2 ("Plaintiff refused to agree to the

---

[2] Plaintiff's complaint that Defendants' chief financial officer ("CFO") signed Defendants' answers to interrogatories without having the requisite personal knowledge to do so also does not merit any sanctions. Defendants CFO signed the interrogatory answers as Defendants' agent pursuant to Federal Rule of Civil Procedure 33(b)(1)(B). There is no indication that Plaintiff was deprived of the opportunity to depose the people who had personal knowledge of the matters contained in the interrogatory answers. If Plaintiff had a legitimate problem with the CFO signing the interrogatory answers, he could and should have raised the issue after the CFO was deposed and during discovery when the issue could have been addressed if it needed to be addressed at all.

proposed stipulation for dismissal, insisting instead on pursuing sanctions relief from the Court."). But it is not necessary to go down that road to decide Plaintiff's pending Motion.

Accordingly, for all these reasons, Plaintiff's Motion for Sanctions Pursuant to FRCP 11 and Section 1927 [130] is denied.

It is so ordered.

_____
Jeffery T. Gilbert
United States Magistrate Judge

Dated: June 4, 2021